UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES E. PHILLIPS,                         )
                                           )
              Plaintiff,                   )
                                           )
       v.                                  )       Case No. 1:23-cv-01700-TWP-TAB
                                           )
DEBORAH REASONER, Appeal Review Officer,   )
REAGLE, Warden,                            )
SCAFE, Deputy Warden,                      )
PAULA DICKSON, Classification,             )
                                           )
              Defendants.                  )

## ORDER SCREENING AND DISMISSING COMPLAINT
## AND DIRECTING PLAINTIFF TO SHOW CAUSE

       This matter is before the Court for screening of Plaintiff James E. Phillips' ("Mr. Phillips")

Complaint.  Mr. Phillips, an Indiana Department of Correction ("IDOC") inmate at Wabash Valley

Correctional Facility, filed this civil action on September 22, 2023, related to his incarceration at

Pendleton Correctional Facility.  (Dkt. 1.)  Because Mr. Phillips is a "prisoner," this Court has an

obligation to screen his Complaint before service on defendants.  28 U.S.C. § 1915A(a), (c).

## I.  SCREENING STANDARD

       When screening a complaint, the court must dismiss any portion that is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether a complaint states a claim,

the court applies the same standard as when addressing a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).  Under that

standard, a complaint must include "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.   THE COMPLAINT

Mr. Phillips' Complaint names four defendants:  Appeal Review Officer Deborah Reasoner ("Officer Reasoner"), Warden Reagle, Deputy Warden Scafe, and Classification Supervisor Paula Dickson ("Ms. Dickson") (collectively, "Defendants") (Dkt.1).  The issues in Mr. Phillips' pleading are difficult to discern, but it appears that he is referencing his prison disciplinary conviction in ISR 22-12-0150 that he received on January 10, 2023.  *Id.* at 4.  He alleges that Officer Reasoner violated his constitutional rights because she unlawfully remanded one of his prison disciplinary cases for a rehearing, "as an action of retaliation" and deliberate indifference so that he would "spend more time in prison." *Id.* at 2.

Mr. Phillips states he exhausted his administrative appeals and then filed a petition for a writ of habeas corpus in a prior case to challenge that disciplinary conviction. *Id.*; *see also Phillips v. Reagle*, No. 1:23-cv-00261-JMS-TAB, Dkts. 12 and 13 (habeas petition dismissed on Oct. 31, 2023, for lack of jurisdiction because Phillips' sanctions included only a written reprimand, a loss of telephone privileges, and placement in restrictive housing that did not render him "in custody" for purposes of habeas relief).  While he was waiting for the outcome of his habeas petition, Officer Reasoner unlawfully remanded his disciplinary case. (Dkt. 1 at 4.)  Mr. Phillips was found guilty at his March 21, 2023, rehearing, which he alleges was in retaliation for having filed civil complaints against facility staff. *Id*.

At the time of his rehearing, Mr. Phillips was in credit-earning class 3 and was scheduled to be promoted up in credit-earning class on April 10, 2023. *Id.*  Because Officer Reasoner

remanded ISR 22-12-0150 for rehearing, he was kept in class 3 per IDOC Policy 02-04-101, "stating that if a prisoner does not remain clear of conduct report guilty findings for 90 days he shall remain in time class status allotted and he shall not regain a time class back that was lost." *Id.* He alleges the Defendants manipulated IDOC Policy 02-04-101 so that he would spend more time in prison.

In his Complaint, Mr. Phillips makes the following allegations. Warden Reagle "was made aware" of Officer Reasoner's actions when Mr. Phillips sent the Warden a notarized letter, and out of retaliation, Warden Reagle refused to intervene. *Id.* at 2. Warden Reagle conspired with Officer Reasoner to keep Mr. Phillips in prison. *Id.* Mr. Phillips contends that Warden Reagle "supervises everyone" at Pendleton Correctional Facility, "so he is also responsible[.]" *Id.*

Deputy Warden Scafe "did not rectify the results of Defendant Deborah Reasoner's deliberate indifference and act of retaliation[.]" *Id.* at 3. Deputy Warden Scafe's conduct was due to Mr. Phillips naming the Defendant(s) in previous civil complaints. *Id.* Deputy Warden Scafe conspired with the other Defendants to keep Mr. Phillips in prison, and because she is a supervisor, she is liable. *Id.*

Paula Dickson "did not rectify the result of Defendant Deborah Reasoner's deliberate indifference and act of retaliation," and she conspired with the other Defendants to keep Mr. Phillips in prison, and that she is liable in her supervisory role. *Id.*

Mr. Phillips seeks monetary damages and injunctive relief in the form of his time class and release date being corrected. He also seeks removal of the Defendants from their positions, and costs and fees associated with this action. *Id.* at 5.

### III.  DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the Complaint, Mr. Phillips' Complaint must be **dismissed for failure to state a claim** upon which relief may be granted.

First, the Court notes that Mr. Phillips has pursued these same allegations in a previously filed action.  *See Phillips v. Scafe et al.*, No. 1:23-cv-00945-JRS-KMB, Dkts. 17 and 18.  Mr. Phillips' previous action, filed on May 31, 2023, was dismissed without prejudice on January 29, 2024, for failure to state a claim upon which relief may be granted.  *Id.*  In that dismissal, Judge James R. Sweeney II noted that some of Mr. Phillips' claims might become actionable if he could obtain favorable resolution of his disciplinary action or the delayed credit-earning classification decision that forms the basis of his claims.  *Id.*  But his Complaint in this instant action also fails to make such showing, and ultimately fails for the same reasons previously identified.

As explained in his previous action and is reiterated here, because Mr. Phillips was not sanctioned with a demotion of his credit classification, the Court understands that he alleges that he needed to remain free of disciplinary convictions for a set period of time before he could be promoted to a credit-earning classification. The rehearing had the effect of resetting that time and delaying his promotion, and his attempt to appeal his classification was denied.

As for Mr. Phillips' allegations that he was wrongfully deprived of credit time and he now seeks restoration of his time or credit-earning classification, he must pursue those claims in a habeas action.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

As for Mr. Phillips' pursuit of damages because he was wrongfully deprived of credit time or credit class, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). *Heck* and *Edwards* hold that a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Like his previously filed case, Mr. Phillips has not achieved favorable resolution of his disciplinary charge or his credit class through administrative proceedings or a habeas corpus action as required by *Heck* and *Edwards*.

## IV. <u>OPPORTUNITY TO SHOW CAUSE</u>

Mr. Phillips' Complaint is subject to dismissal for failure to state a claim upon which relief may be granted. The Court will permit him an opportunity, **through Friday, May 24, 2024, to show cause why this action should not be dismissed** consistent with this Order. Mr. Phillips' failure to show cause by this deadline will result in the dismissal of this action without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 5/3/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James E. Phillips, #106333
WABASH VALLEY CORRECTIONAL FACILITY
6908 South Old US Hwy 41
Carlisle, Indiana 47838